J-S29002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 439 EDA 2019 |

Appeal from the PCRA Order Entered January 7, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0501391-2006

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.*

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 29, 2020**

Maurice Williams, *pro se*, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. As we conclude the PCRA court correctly determined the substantive claim contained in Williams's petition does not merit relief, we affirm.

In summary, Williams entered into an open guilty plea to third-degree murder. As established during his plea, Williams intended to rob an unlicensed taxi driver, but during the course of that robbery, he ended up killing the driver. Williams was 17 years old at the time of the homicide. He pled guilty to third-degree murder in exchange for the Commonwealth withdrawing a

_____

* Retired Senior Judge assigned to the Superior Court.

charge of first-degree murder.

On January 24, 2007, Williams was sentenced to a term of seventeen to forty years of incarceration. Thereafter, this Court affirmed Williams's judgment of sentence, and on January 9, 2009, our Supreme Court denied allowance of appeal. Subsequently, Williams filed a timely first PCRA petition, which the PCRA court dismissed. We affirmed, and the Pennsylvania Supreme Court again denied allowance of appeal.

Several years later, Williams filed a second PCRA petition, alleging that the Supreme Court of the United States's decisions in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), rendered his guilty plea involuntary. In *Miller*, the Supreme Court held that life imprisonment without parole was not a constitutional sentence for offenders under the age of 18. In *Montgomery*, the Supreme Court held that the rule announced in *Miller* applied retroactively. Williams argued that, pursuant to *Miller*, his guilty plea was obtained through the threat of an unconstitutional sentence of life in prison if he did not plead.

The PCRA court found Williams's second PCRA petition to be timely filed pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), the newly recognized constitutional right exception to the PCRA's time-bar. However, the court denied relief, noting that Williams was not serving a life sentence. Williams, acting *pro* se, appealed to this Court. Ultimately, we dismissed Williams's appeal from his second PCRA petition because he failed to file a brief.

Williams filed the instant, third petition on March 1, 2018. He alleged that his appeal from the denial of his second petition was dismissed due to prison officials failing to provide him with this Court's orders. He therefore seeks review of his claim that he was unconstitutionally coerced to plead guilty under **Miller** and **Montgomery**.

The PCRA court found Williams's instant PCRA petition to be untimely and correspondingly issued a notice of dismissal pursuant to Pennsylvania Rule of Criminal Procedure 907. Williams did not file a response to this notice. The court then dismissed his third PCRA petition, which is the basis of Williams's appeal. After filing his notice of appeal[1], the PCRA court directed

_____

[1] While a notice of appeal must be generally filed within thirty days after the entry of the order from which the appeal is taken, **see** Pa.R.A.P. 108(a)(1), there is some ambiguity surrounding the date in which the PCRA court filed its order dismissing Williams's petition and the date when Williams filed his notice of appeal.

Although the order denying Williams's PCRA petition is dated January 7, 2019, and was filed January 7, 2019, there is no additional corroboration as to when "the clerk of the court or the office of the government unit mail[ed] or deliver[ed] copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1). Conversely, as to Williams's filling date, his notice of appeal features a handwritten date of February 4, 2019, but a filed date of February 7, 2019. Moreover, the date on the postage containing his notice of appeal is illegible. The February 7, 2019 date would run afoul of the thirty-day appeal requirement.

Under the prisoner mailbox rule, which allows a pro se and incarcerated individual to have his or her appeal deemed "filed" on the date he or she deposits the appeal with prison authorities, our Supreme Court allows us to accept "any reasonably verifiable evidence" of that incident. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). As Williams is both pro se and incarcerated, he is a beneficiary of the prisoner mailbox rule. As such, because we find it more reasonable than not that Williams would have had to have filed

Williams to file his statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Williams complied with this directive, and the appeal is properly before this Court.

On appeal, Williams raises two questions for our review, which have been reordered for ease of disposition:

1) Did the PCRA court err in failing to conduct fact finding as to Williams's assertion that the government withheld his legal mail, thus invoking the government interference exception to the PCRA's time-bar?

2) Did the PCRA court err in refusing to apply **Miller v. Alabama**, 567 U.S. 460 (2012), to Williams's sentence?

**See** Appellant's Brief, at iv.

Our standard of review is well settled: "[w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Smith**, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). While we generally are bound by a PCRA court's credibility determinations, we apply a *de novo* standard to our review of the court's legal conclusions. **See id.**

Before we can address any of the claims in Williams's petition, we must first consider his petition's timeliness. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

A PCRA petition, including a second or subsequent one, must be

_____

his notice of appeal with prison authorities on a date prior to the date that the PCRA court received it via the United States Postal Service, i.e., before February 7, 2019, Williams filed his notice of appeal timely.

filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Williams's judgment of sentence became final on April 8, 2009, ninety days after the Pennsylvania Supreme Court denied allowance of appeal, and he sought no further review from the United States Supreme Court. **See** U.S. Sup. Ct. Rule 13 (identifying that a petition for a writ of certiorari to review a judgment must be timely filed within ninety days after entry of judgment or an order from a state court of last resort denying discretionary review). Accordingly, as Williams filed his current petition on March 1, 2018, his petition is facially untimely.

However, the PCRA does provide three limited exceptions to its rigid time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). The PCRA's three time-bar exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*. A petitioner asserting any one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). Nevertheless, if the claim arose prior to December 24, 2017, the petitioner would have only had sixty days to assert that claim. *See id*.

Instantly, Williams identifies a March 2017 incident where he did not receive an order from this Court directing him to file a brief in support of his pending appeal. The brief was necessary to facilitate review of his second PCRA petition, which had been dismissed by the PCRA court. Williams asserts the prison's failure to deliver this piece of mail as governmental interference. *See* 42 Pa.C.S.A. § 9545(b)(1)(i). He contends that if he had received this material from the Superior Court, he would have been able to maintain his prior PCRA action, rather than it being dismissed for failure to file a response. Implicitly, Williams is using his averment that he did not receive a prior order through the mail as an attempt to revive the claims contained within his second PCRA petition for appellate review.

In his brief, Williams identifies that the Superior Court sent him a letter,

which reflected that our Court mailed him a March 17, 2017 order. The order requested responsive action on his second PCRA petition or his appeal faced dismissal. Williams claims he never received the underlying order, so he had no way of knowing that he had to file a brief. Williams has additionally affixed three "inmate's request to staff member" wherein he requests a copy of the mail list for legal mail and specifically identifies the March 17, 2017 order from our Court. **See** Appellant's Brief, Ex. C. It appears from the record before us that Williams was ultimately told that it was for his attorney to request such documentation. **See id**.

As it would appear Williams was not represented by counsel during his appeal from the denial of his second PCRA petition, it is unclear how such a request could have been made. Furthermore, the Commonwealth has not illuminated anything of record, such as presenting us with the mail log Williams sought, that could serve as a basis to disprove Williams's allegation. Therefore, in the interest of caution, we would normally find that Williams was entitled to a hearing to develop these facts and establish whether governmental interference impacted his ability to pursue his second PCRA petition's appeal. **See Commonwealth v. Bennett**, 930 A.2d 382, 385-86, 400 (Pa. 2007) (establishing that a petitioner may plead exceptions to the PCRA's time-bar to rehabilitate appeal rights to a prior PCRA petition, but that remand was appropriate for further fact-finding by the PCRA court). However, even in finding that Williams has pleaded sufficient facts, if found credible, to

qualify for the governmental-interference exception or, we decline to remand the matter because Williams has not presented this Court with any underlying claim that is cognizable under the PCRA.[2]

Even if Williams's appellate rights from his second PCRA petition were restored, his claim would not merit relief. Williams asserts that, because he was a juvenile at sentencing and even though he did not receive a life sentence, he is affected by the holdings of both *Miller* and *Montgomery*. Williams maintains that his guilty plea was not voluntarily entered, as the threat of an unconstitutional sentence of life in prison without parole was used as a bargaining chip.

In *Miller*, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eight Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465; *see also Montgomery*, 136 S.Ct. at 736 (indicating that *Miller* is a substantive rule of constitutional law whereby state collateral review courts must give retroactive effect). Notably, while *Miller*'s holding established a

_____

[2] Despite our conclusion that Williams's third PCRA petition contained sufficient allegations, if found credible, to surmount the PCRA's time-bar for the purposes of our review of his underlying claim, Williams only dedicated four sentences in his brief in support of his governmental interference averment and additionally did not cite to any authorities in violation of Pennsylvania Rule of Appellate Procedure 2119(b). Therefore, we could have found his attempt to invoke the governmental interference exception waived. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (establishing that undeveloped claims will not be considered on appeal).

bright-line rule that mandatory sentences of life imprisonment without the possibility of parole are unconstitutional for defendants under the age of eighteen, *see* 567 U.S. at 479, it did not prevent a trial court from imposing a life sentence without parole upon a juvenile. *See Commonwealth v. Batts*, 163 A.3d 410, 435 (Pa. 2017).

Here, Williams asserts materially the same claim that he did in his second PCRA petition wherein the PCRA court rejected his substantive claim under *Miller*. *See* Second PCRA Petition Opinion, 2/24/17, at 1 ("[Williams] argue[s] that he is entitled to relief under *Miller v. Alabama* and *Montgomery v. Louisiana* because he was 17 years-old at the time of the crime and the Commonwealth would have sought a sentence of life without parole had [Williams] gone to trial."). The gravamen of Williams's contention is that under *Miller*, it was illegal for the Commonwealth to suggest that he could receive life without the possibility of parole if he went to trial because such a maximum sentence can no longer be imposed. Williams cites to *Commonwealth v. Hodges* for the proposition that if the plea is based on a maximum sentence that a court does not have the authority to impose, the entire plea negotiation process is affected and remand is appropriate. *See* 789 A.2d 764, 767 (Pa. Super. 2002).

While Williams is correct in his recitation of *Hodges*'s holding, it is equally true that *Miller* does not foreclose on the possibility of a juvenile being sentenced to life without the possibility of parole. Instead, *Miller* merely

increases the procedural safeguards associated with imposing a life in prison sentence on a juvenile. **See** 567 U.S. at 480 ("Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."). Accordingly, as Williams misapprehends the Commonwealth's ability to indicate, during plea negotiations, that life without the possibility of parole is still a viable sentence even after **Miller**, he was not illegally induced into pleading to a lesser sentence.

To the extent that Williams challenges the sentence he actually received, while there is no question that he was a juvenile at sentencing, Williams did *not* receive a term of life imprisonment without the possibility of parole. Therefore, from that perspective, the holdings of **Miller** and **Montgomery** are wholly inapplicable.

Accordingly, even if Williams is able to establish governmental interference under the PCRA's time-bar exception, we find no merit to his underlying claim under **Miller**. Therefore, the PCRA court did not err in dismissing his petition.

Order affirmed.

Judge Pellegrini joins the memorandum.

Judge Nichols concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/29/2020*